FILED
CLERK, U.S. DISTRICT COURT

6/8/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

1  BILAL A. ESSAYLI
   United States Attorney
2  CHRISTINA T. SHAY
   Assistant United States Attorney
3  Chief, Criminal Division
   MIRELLE RAZA (Cal. Bar No. 340055)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:    (213) 894-6058
7       Facsimile:    (213) 894-0141
        Email:        mirelle.raza@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. 2:25-MJ-03507-DUTY

13          Plaintiff,                 GOVERNMENT'S NOTICE OF REQUEST FOR
                                       DETENTION
14              v.

15  GISSELLE MEDINA,

16          Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22          following grounds:

23     ☐  a.   present offense committed while defendant was on release

24             pending (felony trial),

25     ☐  b.   defendant is an alien not lawfully admitted for

26             permanent residence; and

27

28

1        ☐   c.    defendant may flee; or

2        ☐   d.    pose a danger to another or the community.

3    ☒   2.    Pretrial Detention Requested (§ 3142(e)) because no

4             condition or combination of conditions will reasonably

5             assure:

6        ☒   a.    the appearance of the defendant as required;

7        ☒   b.    safety of any other person and the community;

8        ☐   c.    pretrial release conditions were violated.

9    ☐   3.    Detention Requested Pending Supervised Release/Probation

10            Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

11            § 3143(a)):

12       ☐   a.    defendant cannot establish by clear and convincing

13                evidence that he/she will not pose a danger to any

14                other person or to the community;

15       ☐   b.    defendant cannot establish by clear and convincing

16                evidence that he/she will not flee.

17   ☐   4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.

18            § 3142(e)):

19       ☐   a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

20                (46 U.S.C. App. 1901 et seq.) offense with 10-year or

21                greater maximum penalty (presumption of danger to

22                community and flight risk);

23       ☐   b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

24                2332b(g)(5)(B) with 10-year or greater maximum penalty

25                (presumption of danger to community and flight risk);

26       ☐   c.    offense involving a minor victim under 18 U.S.C.

27                §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

28

1              2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

2              2260, 2421, 2422, 2423 or 2425 (presumption of danger

3              to community and flight risk);

4  ☐   d.   defendant currently charged with an offense described

5              in paragraph 5a - 5e below, AND defendant was

6              previously convicted of an offense described in

7              paragraph 5a - 5e below (whether Federal or

8              State/local), AND that previous offense was committed

9              while defendant was on release pending trial, AND the

10             current offense was committed within five years of

11             conviction or release from prison on the above-

12             described previous conviction (presumption of danger to

13             community).

14 ☒  5.   Government Is Entitled to Detention Hearing Under § 3142(f)

15            If the Case Involves:

16 ☐   a.   a crime of violence (as defined in 18 U.S.C.

17             § 3156(a)(4)) or Federal crime of terrorism (as defined

18             in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum

19             sentence is 10 years' imprisonment or more;

20 ☐   b.   an offense for which maximum sentence is life

21             imprisonment or death;

22 ☐   c.   Title 21 or MDLEA offense for which maximum sentence is

23             10 years' imprisonment or more;

24 ☐   d.   any felony if defendant has two or more convictions for

25             a crime set forth in a-c above or for an offense under

26             state or local law that would qualify under a, b, or c

27

28

1          if federal jurisdiction were present, or a combination

2          or such offenses;

3     ☐    e.    any felony not otherwise a crime of violence that

4                involves a minor victim or the possession or use of a

5                firearm or destructive device (as defined in 18 U.S.C.

6                § 921), or any other dangerous weapon, or involves a

7                failure to register under 18 U.S.C. § 2250;

8     ☒    f.    serious risk defendant will flee;

9     ☐    g.    serious risk defendant will (obstruct or attempt to

10               obstruct justice) or (threaten, injure, or intimidate

11               prospective witness or juror, or attempt to do so).

12    ☐   6.   Government requests continuance of _____ days for detention

13          hearing under § 3142(f) and based upon the following

14          reason(s):

15

16    _____

17    _____

18    _____

19    //    _____

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

☐   7.   Good cause for continuance in excess of three days exists

in that:

_____

_____

_____

_____

Dated: June 9, 2025                Respectfully submitted,

                                   BILAL A. ESSAYLI
                                   United States Attorney

                                   CHRISTINA T. SHAY
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                    */s/*
                                   _____
                                   MIRELLE RAZA
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

5